UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EDWARD WOODSON,

                             Plaintiff,                      **MEMORANDUM**
                                                       **AND ORDER**
   -against-                                     23-cv-3676 (NJC)(SIL)

HOME DEPOT U.S.A., INC. and JOHN DOE,

                             Defendants.
-------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this diversity negligence and defamation action is Plaintiff Edward Woodson's ("Woodson" or "Plaintiff") motion to vacate a confidentiality order concerning Defendant Home Depot U.S.A., Inc.'s ("Home Depot" or "Defendant") production of certain video surveillance footage (the "Video"). *See* Plaintiff's Motion to Vacate Confidentiality Order ("Plaintiff's Motion" or "Pl. Mot."), Docket Entry ("DE") [19]. Specifically, Plaintiff seeks to vacate this Court's September 28, 2023 order that Defendant produce the Video on a confidential basis to be used only for the purposes of this litigation (the "Confidentiality Order"). *See id.* Home Depot opposes. *See* Opposition to Plaintiff's Motion to Vacate ("Opposition" or "Opp."), DE [21].

The Court notes that although Plaintiff's Motion was submitted as a motion to vacate a protective order, the Court will treat the motion as Defendant's motion for a protective order. The Confidentiality Order was issued to ensure that this litigation could proceed on the merits pending a final determination regarding the production of the Video. Accordingly, and as described in more detail below, the burden is on

Defendant to demonstrate why a protective order limiting the use of the Video is appropriate. For the reasons set forth herein, the Court concludes that Defendant has failed to meet that burden, and as a result, Plaintiff's Motion is granted, and the Confidentiality Order is vacated.

## I.    BACKGROUND

By way of Complaint filed in the New York Supreme Court for Nassau County on December 23, 2021, Plaintiff asserts various state law tort claims against Defendant, alleging that an unidentified employee of Home Depot assaulted Woodson at one of Defendant's retail locations in Hempstead, New York. *See* Complaint ("Compl."), DE [1-1], at ¶¶ 3, 8-11. On May 17, 2023, Home Depot removed the action to this Court. *See* Notice of Removal, DE [1]. The Court held an initial conference on September 28, 2023, during which the parties raised a dispute concerning the production of the Video, which includes surveillance footage of the incident. *See* DE [14]. The Video depicts Woodson and Defendant's employee in an altercation, as well as several customers and Home Depot employees that were not involved in the incident. *See* Opp. at 7. The Court issued the Confidentiality Order, which provided that Defendant would produce the Video to Plaintiff "on a confidential basis to be used solely for the purposes of litigation and no other purpose," pending further briefing on the issue of confidentiality. *See* DE [14]. Plaintiff's Motion was filed on December 15, 2023, and Defendant opposes. *See* Pl. Mot.; Opp. Oral argument was held on January 11, 2024. *See* DE [23].

According to Raymond Ciniglio, Home Depot's Multi-Store Asset Protection Manager, Defendant's security camera system, including "the exact location of cameras, the angles captured by the cameras, and which domes have cameras in them," is highly confidential.  Affidavit of Raymond Ciniglio ("Ciniglio Aff."), DE [21], at ¶ 4.  This system is designed to minimize financial losses due to theft and has "economic value in the marketplace" for Home Depot.  *Id.* at ¶ 5.  It is also password protected, and only Defendant's "asset protection associates" have access to the system and know the exact location of the cameras and which areas of the store they capture.  *Id.* at ¶ 7.  Ciniglio further asserts that because some areas of the store are not covered by cameras, disclosure of video footage could reveal the system's blind spots.  *See id.* at ¶ 6.  Home Depot cooperates with law enforcement, including by providing videos and photos captured by the security system to assist in pending criminal investigations.  *See id.* at ¶ 8.[1]

## II.    LEGAL STANDARD

During the course of discovery, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1).  "[T]he grant or denial of a protective order lies within the sound discretion of the district court."  *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 20 (2d Cir. 1992); *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 2209 (1984) ("The unique character of the discovery process requires

---

[1] Plaintiff cites several examples of videos and images captured by Defendant's security system that have been publicly disseminated via news broadcasts and the Internet, both on Long Island and throughout the country.  *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion, DE [19], at 7-12; Exs. D, E, F, G, H and I to Pl. Mot.

that the trial court have substantial latitude to fashion protective orders."). The party seeking a protective order has the burden of showing that good cause exists for the issuance of that order. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). Generally, good cause exists where "a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y. 1997) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

Under Rule 26(c)(1)(G), the court may issue a protective order "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1)(G). Such information may be protected from discovery where "the producing party is able to demonstrate that the dissemination of confidential information will place it at a competitive disadvantage." *Cohen v. City of New York*, 255 F.R.D. 110, 118 (S.D.N.Y. 2008). To determine whether such a protective order is appropriate, courts consider: "'1) the extent to which the information is known outside the business; 2) the extent to which information is known to those inside the business; 3) the measures taken to guard the secrecy of the information; and 4) the value of the information to the business and its competitors.'" *Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, No. 15-CV-2044, 2016 WL 4618972, at *3 (S.D.N.Y. Sept. 2,

4

2016) (quoting *Uniroyal Chemical Co. Inc. v. Syngenta Crop Protection*, 224 F.R.D. 53, 56-57 (D. Conn. 2004)).

## III.   DISCUSSION

Woodson seeks to vacate the Confidentiality Order, pursuant to which the Video was produced to Plaintiff's counsel solely for use in this litigation. *See generally* Pl. Mot. Defendant argues that the Video should remain confidential because release of the Video to the public could: (1) compromise the efficacy of its security system as a theft deterrent and (2) impinge on the privacy of third parties depicted in the Video. *See* Opp. at 5-10. Given that the Court is unconvinced that disclosure of the Video will result in economic harm to Defendant or damage the privacy interests of third parties, it concludes that Home Depot has not met its burden to justify the continuance of the Confidentiality Order. As a result, Plaintiff's Motion is granted, and the Confidentiality Order is vacated.

As a threshold matter, despite the procedural posture of Plaintiff's Motion, the burden is on Home Depot to establish that good cause exists to maintain the Confidentiality Order. At the initial conference, the Court issued the Confidentiality Order – with the understanding that Plaintiff's Motion would be filed – in order to allow the litigation to proceed on the merits. As a result, the Court is evaluating whether good cause exists for the Confidentiality Order for the first time. The burden is therefore on Defendant to show why the Video should remain confidential.

### A.   <u>Potential to Undermine Defendant's Security System</u>

Home Depot asserts that distribution of the Video would reveal the location of its security cameras, the angles they capture, and which cameras are decoys, and that

5

disclosure of this information would cause economic harm to Defendant.  *See* Opp. at 5-7.  Defendant submits that the video footage recorded by its security system and the details surrounding camera location and angles are kept confidential and only revealed to certain of its employees.  *See* Ciniglio Aff. at ¶ 7.  This level of secrecy supports the conclusion that the information could be subject to a protective order. *See e.g., Errant Gene Therapeutics*, 2016 WL 4618972, at *3 (considering the "measures taken to guard the secrecy of the information" to determine whether good cause exists).  Home Depot, however, has failed to articulate how dissemination of a single video taken in one of its stores would reveal sufficient information to compromise the efficacy of its theft prevention methods.  As noted above, to establish good cause a party must show "that disclosure will result in a clearly defined, specific and serious injury."  *Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d at 222. While it is true that disclosure of information about the details of its security system in general could put Defendant "at a competitive disadvantage," *Cohen,* 255 F.R.D. at 118, it is unlikely that a single video, taken alone, could reveal blind spots or which camera domes are in fact decoys.  In fact, Home Depot regularly provides law enforcement with videos and images captured by its security system on a case-by-case basis.  *See* Ciniglio Aff. at ¶ 8.  As such, Defendant has not explained how the release of this particular video on a non-confidential basis would specifically harm its theft prevention efforts, and as noted above, generalized concerns and broad allegations of harm are insufficient to justify a protective order under Rule 26(c).  *See Bank of New York,* 171 F.R.D. 135 at 143.

6

Moreover, Defendant does not point to any case law in this Circuit in which a court issued a protective order requiring surveillance video at a retail store to be kept confidential, nor has the Court identified any. Although several courts outside of this jurisdiction have implemented such protective orders, the Court finds their reasoning unpersuasive or distinguishable. *See e.g., Gogol v. Target Corp.*, No. 23-CV-2312, 2023 WL 6880134, at *3 (D. Kan. Oct. 18, 2023) (concluding that security video "if disclosed, could disclose potential camera angle blind spots or other video surveillance weaknesses to potential thieves"); *DeHate v. Lowe's Home Centers, LLC*, No. EDCV192505, 2020 WL 7084551, at *4 (C.D. Cal. Oct. 8, 2020) (same); *Billett v. Ulta Salon, Cosms. & Fragrance, Inc.*, No. 519CV00170, 2020 WL 2521516, at *3 (W.D. Ky. May 18, 2020) (concluding disclosure of video that included multiple angles throughout the store could compromise theft prevention measures). Rather, the Court is persuaded by New York courts that – in considering other types of security footage – have found that disclosure of a single video is unlikely to reveal sufficient information to undermine a surveillance system. *See e.g., Robles v. City of New York*, No. 19-cv-6581, 2020 WL 1494166, at *5 (S.D.N.Y. Mar. 27, 2020) (finding it implausible that an arrestee could study police precinct surveillance video to plan an escape or other misconduct); *Dilworth v. Westchester Cnty. Dep't of Correction*, 93 A.D.3d 722, 724, 940 N.Y.S.2d 146, 149 (2012) (noting disclosure of one video from one camera angle taken in a jail would not expose the limitations of the surveillance system). Accordingly, the Court determines that Home Depot has failed to establish

that the alleged potential harm to the effectiveness of its security system constitutes good cause to continue the Confidentiality Order.

### B. <u>Privacy Rights of Third Parties</u>

Defendant's additional argument that the release of the Video would impinge on the privacy of Home Depot's employees and customers is also unavailing. *See* Opp. at 9-10.  For one, the Court is not convinced that Defendant has standing to assert the privacy interests of the third parties captured by the Video.  *See Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc.,* No. 21-CV-8704, 2021 WL 5232581, at *2 (S.D.N.Y. Nov. 9, 2021) (finding defendant lacked standing to object to discovery as it pertains to third parties).  In any event, the public is generally aware that Home Depot and other retail stores maintain security systems that include cameras.  As a result, the Court concludes that such privacy interests do not amount to good cause to maintain the Confidentiality Order.  Moreover, all of Defendant's arguments in support of the Confidentiality Order rely on the assumption that Plaintiff intends to widely disseminate the Video to the general public, but Home Depot offers no support for this claim.  *See Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("Conclusory assertions and the 'whiff' of possible improprieties on the part of Plaintiff are insufficient to establish good cause.").  Accordingly, the Court again determines that Defendant has failed to establish good cause for the continuation of the Confidentiality Order.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion is granted, and the Confidentiality Order is vacated.

8

Dated:     Central Islip, New York
           March 19, 2024

                              **SO ORDERED:**

                              /s/ Steven I. Locke
                              STEVEN I. LOCKE
                              United States Magistrate Judge